UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

CASE NO.: 6:22-cv-00072

PAUL REIFFER,

    Plaintiff,

v.

BRENT PAXTON LEMONS, INDIVIDUALLY AND DBA KREATIV ARTISTS MANAGEMENT, AND DBA KREATIV ARTISTS AND KREATIV ARTISTS ENTERTAINMENT LLC,

    Defendants.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff PAUL REIFFER by and through his undersigned counsel, brings this Complaint against Defendants BRENT PAXTON LEMONS, INDIVIDUALLY AND DBA KREATIV ARTISTS MANAGEMENT, AND DBA KREATIV ARTISTS AND KREATIV ARTISTS ENTERTAINMENT LLC for damages and injunctive relief, and in support thereof states as follows:

**SUMMARY OF THE ACTION**

1.    Plaintiff PAUL REIFFER ("Reiffer") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Reiffer's original copyrighted Work of authorship.

2.    Reiffer is a professional landscape, cityscape and commercial photographer working worldwide. He is a Fellow of the British Institute of Professional Photography, an Associate of the Royal Photographic Society, winner of the UN International Year of Light

competition and the owner of the "world's most exclusive and remote gallery" in the Maldives, which is only accessible by seaplane or speedboat.  Reiffer's images of cityscapes, extreme locations, rooftops, heli-shoots, the arctic circle, and others are highly sought after, and he is routinely commissioned for commercial work.  Reiffer's images are scarce as they are created using a Phase One XV iO3/100 100 Megapixel Medium Format digital camera system valued at $60,000.

3. Defendant BRENT PAXTON LEMONS, INDIVIDUALLY AND DBA KREATIV ARTISTS MANAGEMENT, AND DBA KREATIV ARTISTS ("Lemons") is a talent representative, and the owner and operator of a talent management company.  At all times relevant herein, Lemons owned and operated the internet website located at the URL www.kreativartists.com (the "Website").

Defendant Kreativ Artists Entertainment LLC ("KAE") is a Texas limited liability company specializing in talent management.

Defendants Lemons and KAE are collectively referred to herein as "Defendants."

Reiffer alleges that Defendants copied Reiffer's copyrighted Work from the internet in order to advertise, market and promote their business activities.  Defendants committed the violations alleged in connection with Defendants' business for purposes of advertising and promoting sales to the public in the course and scope of the Defendants' business.

## JURISDICTION AND VENUE

7. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

8. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

9. Defendants are subject to personal jurisdiction in Texas.

10. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district, Defendants reside in this district, and Defendants are subject to personal jurisdiction in this district.

### DEFENDANTS

11. Brent Paxton Lemons, individually and dba Kreativ Artists Management, and dba Kreativ Artists is a Corporation, with its principal place of business at 1514 North Hoover Street, Los Angeles, CA 90027, and can be served at 1406 South Sylvan Avenue, Palestine, TX 75801.

Kreativ Artists Entertainment LLC is a Texas Limited Liability Company, with its principal place of business at 815 North Perry Street, Palestine, TX 75801, and can be served by serving its Registered Agent, Mr. Brent Paxton Lemons, 1406 South Sylvan Avenue, Palestine, TX 75801.

### THE COPYRIGHTED WORK AT ISSUE

In 2015, Reiffer created the photograph entitled "20151119-Backstage~Pass", which is shown below and referred to herein as the "Work".



Reiffer registered the Work with the Register of Copyrights on May 8, 2017 and was assigned the registration number VA 2-044-621.  The Certificate of Registration is attached hereto as Exhibit 1.

Reiffer's Work is protected by copyright but is not otherwise confidential, proprietary, or trade secrets.

16. At all relevant times Reiffer was the owner of the copyrighted Work at issue in this case.

## INFRINGEMENT BY DEFENDANTS

17. Defendants have never been licensed to use the Work at issue in this action for any purpose.

18. On a date after the Work at issue in this action was created, but prior to the filing of this action, Defendants copied the Work.

19. On or about March 11, 2019, Reiffer discovered the unauthorized use of his Work on the Website in order to market and promote its business activities.

20. Defendants copied Reiffer's copyrighted Work without Reiffer's permission.

21. After Defendants copied the Work, they made further copies and distributed the Work on the internet to promote the sale of goods and services as part of their talent management company.

22. Defendants copied and distributed Reiffer's copyrighted Work in connection with Defendants' business for purposes of advertising and promoting Defendants' business, and in the course and scope of advertising and selling products and services.

23. Reiffer's Works are protected by copyright but are not otherwise confidential, proprietary, or trade secrets.

24. Defendants committed copyright infringement of the Work as evidenced by the documents attached hereto as Exhibit 2.

25. Reiffer never gave Defendants permission or authority to copy, distribute or display the Work at issue in this case.

26. Reiffer notified Defendants of the allegations set forth herein on May 26, 2020 and June 15, 2020. To date, Defendants have failed to respond to Plaintiff's Notices. Copies of the Notices to Defendants are attached hereto as Exhibit 3.

## COPYRIGHT INFRINGEMENT

27. Reiffer incorporates the allegations of paragraphs 1 through 34 of this Complaint as if fully set forth herein.

28. Reiffer owns a valid copyright in the Work at issue in this case.

29. Reiffer registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

30. Defendants copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Reiffer's authorization in violation of 17 U.S.C. § 501.

31. Defendants performed the acts alleged in the course and scope of its business activities.

32. Defendants' acts were willful.

33. Reiffer has been damaged.

34. The harm caused to Reiffer has been irreparable.

WHEREFORE, the Plaintiff Paul Reiffer prays for judgment against the Defendants Brent Paxton Lemons, individually and dba Kreativ Artists Management, and dba Kreativ Artists and Kreativ Artists Entertainment LLC that:

    a.    Defendants and their officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

    b.    Defendants be required to pay Plaintiff his actual damages and Defendants' profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. § 504;

Plaintiff be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

    d.    Plaintiff be awarded pre- and post-judgment interest; and

    e.    Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: February 17, 2022        Respectfully submitted,

*/s/Craig A. Wirth*
JOEL B. ROTHMAN
Florida Bar Number:  98220
joel.rothman@sriplaw.com
CRAIG A. WIRTH
Florida Bar Number:  125322
craig.wirth@sriplaw.com

**SRIPLAW**
21301 Powerline Road
Suite 100
Boca Raton, FL  33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff Paul Reiffer*